UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                                                                            CASE NO. 24-60057
THOMAS CLAY MINKS                                                                CHAPTER 13

Debtor

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor's plan was filed on July 26, 2024. A confirmation hearing was scheduled for November 06, 2024 and, no timely objections having been filed, the order was tendered to the Court following the hearing.

A summary of the Plan, or a summary of the final modification of the Plan, was transmitted to the creditors under Fed. R. Bankr. P. 3015. The Court finds that the plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED THAT:

The Debtor's Chapter 13 Plan is confirmed. The Trustee is authorized to make payments as follows:

1.      **Payments**:
   **$2,046.55 in pre-confirmation funds (August 2024 - October 2024), then $775.00 for 60 consecutive months**, for a total of **$48,546.55 to be paid over the life of the plan.** The total amount stated to be paid into the Plan is based on the assumption that all payments will be made in a timely manner and that the Trustee's fee percentage will not increase during the life of the Plan. Late payments will increase the interest paid on secured claims and will, in turn, increase the total amount to be paid into the Plan.

   **Method**:
   Payments to the Trustee will made directly by the Debtor

   The effective date of the Plan length is 11/25/2024.

   **In addition, the Debtor will pay to the trustee income tax refunds in excess of**

**$2,000.00 received each year during the pendency of the case. The debtors shall promptly forward the funds to the trustee along with a copy of the tax return for the year which resulted in the tax refund. Said funds shall increase the gross base and shall increase the distribution to creditors**.

Pursuant to 11 U.S.C. §521(f), and in lieu of filing the tax return or transcript with the Clerk, the debtors annually during the pendency of the case shall submit to the trustee a copy of the tax returns required in that section of the Code. In addition, the debtors annually during the pendency of the case shall submit to the Trustee a new statement of income and expenditures along with the source of the debtors' income at the time. The debtors shall disclose the identity of any other person contributing to the household in which the debtors reside and shall disclose how the income and expenses were calculated. The trustee shall review the same and may petition the court to increase the monthly payment for cause.

2. **Attorney Fees**:

    The Debtor previously paid **$1,000.00** to their attorney and an additional **$3,500.00** will be paid from the estate as indicated in the plan. The Rule 2016 Disclosure statement filed by the attorney is deemed an approved fee application for pre-petition fees. The attorney will not seek payment of additional fees from the debtor in connection with this bankruptcy case except by the filing of an application for attorney fees with the Court. Counsel shall not cease to represent the debtor unless leave to withdraw as counsel is granted by the Court.

3. **Other Provisions**:

    The Trustee shall pay the following secured claims as indicated:

Secured Claims

| Claim No. | Creditor | Collateral | Amt Secured | Monthly Amt | Int Rate |
|---|---|---|---|---|---|
| 4 | SANTANDER CONSUMER USA | 2019 Dodge Ram 1500 | 25,520.58 | 535.98 | 9.50 |

**The mortgage claim is separated into at least two components: an on-going payment and pre-petition arrearage claim. Payments by the trustee will be so designated on checks from the trustee to the affected creditor. Payments on the on-going mortgage will be adjusted at confirmation by the trustee to the amount ascertained from the proof of claim if the amount of the monthly payment is different than the amount set forth in the plan. The trustee will adjust mortgage payments as needed pursuant to timely Rule 3002.1(b) Notices filed by the Mortgage Creditor. To the extent there is a difference between the amount of the mortgage payment pursuant to the terms of the proof of claim and pre-confirmation payments by the trustee to the mortgage creditor, the trustee will set up a post-petition adjustment payment to be paid as soon as practicable to bring the mortgage current. The trustee will also set up, as needed, a post-petition arrearage claim, and a claim for any charges, fees or expenses pursuant to timely and appropriate Notices filed by the Mortgage Creditor pursuant to Rule 3002.1(c).**

Each creditor listed in this subsection shall retain its lien against the property which is the subject of its securing interest until the payment of the entire underlying debt or the entry of a discharge.

In the event that a creditor secured by the debtor's primary residence does not file a proof of claim, the secured creditor will not have available a mechanism to notify the debtor, debtor's counsel, and trustee of changes in the payment, including but not limited to, escrow changes or additional charges from whatever source. In the event that there is a mortgage arrearage being cured through the Chapter 13 plan, the failure of the creditor to file a proof of claim results in the failure of a the creditor to be able to supplement the proof of claim at the end of the case as required by Rule 3002.1 in response to the Trustee's Notice of Final Cure. Therefore, in those cases, while the trustee will be required by Rule 3002.1 to file and serve a Notice of Final Cure, it is likely, absent extraordinary circumstances, that the trustee's records will be accepted by the Court and the creditor will be required to adjust its records to conform to the Trustee's Notice as Rule 3002.1 requires the creditor's response of unpaid fees, interest and other charges to be amendment to the proof of claim.

The Debtor shall pay the following claims directly:

Direct Pay Claims

| Claim No. | Creditor | Collateral | Monthly Amount |
|---|---|---|---|
| | | NONE | |

In the event of a post-petition default in payments to a creditor listed in this subsection, the Debtor may lose the right to serve as the disbursing agent on the claim.

In the event no proof of claim is filed for a claim secured by the debtor's primary residence that the debtors are paying directly, the trustee will not file a notice of Final Cure as the trustee has no knowledge of any pre-petition or post-petition default. The debtor may choose to file such a notice at the end of the case.

In the event of a post-petition default in payment of an obligation secured by the debtor's primary residence which results in the inclusion of the obligation to be paid by the trustee from plan payments, the creditors' failure to have filed a proof of claim will not be remedied by the order adding the claim to the plan distributions being made by the Trustee. If no proof of claim has been filed in the case, the Trustee will be required by Rule 3002.1 to file and serve a Notice of Final Cure, but it is likely, absent extraordinary circumstances, that the trustee's records will be accepted by the Court and the creditor will be required to adjust its records to conform to the Trustee's Notice as Rule 3002.1 requires the creditor's response of unpaid fees, interest and other charges to be amendments to the proof of claim.

The Debtor has surrendered or will surrender the collateral securing the liens of the following creditors:

Collateral Surrendered or Stay is Lifted

| Claim No. | Creditor | Collateral |
|---|---|---|
| 5 | PERFORMANCE FINANCE | 2023 Polaris General 1000XP |

A secured creditor entitled to a deficiency claim must file that claim within 90 days of the date that the real or personal property is surrendered. Documentation of the date of surrender is required to be provided with the proof of claim. Failure to do so may result in an objection to the deficiency claim. Allowed deficiency claims will be paid pro rata with other general unsecured claims.

The Debtor has sold or will sell the collateral securing the liens of the following creditors:

Collateral Sold

| Claim No. | Creditor | Collateral |
|---|---|---|

NONE

The Trustee shall pay the following priority claims in full:

Priority Claims

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| | CLERK, U.S. BANKRUPTCY COURT | $313.00 |

Domestic Support Obligations Paid by Trustee

| Claim No. | Creditor | Claim Amount | Monthly Amount |
|---|---|---|---|

NONE

Domestic Support Obligations Paid Directly

| Claim No. | Creditor | Monthly Amount |
|---|---|---|

NONE

The following creditors have allowed unsecured claims that are to be paid PRO RATA by the Trustee pursuant to the terms of the Plan and this Confirmation Order and the estimated distribution is **29%**.

Unsecured Claims

| Claim No. | Creditor | Claim Amount |
|---|---|---|
| 1 | DISCOVER BANK | $10,816.15 |
| 2 | LONG REACH FCU | $4,363.90 |
| 3 | LONG REACH FCU | $2,073.66 |
| 6 | UMB | $8,500.36 |
| 7 | FRONTIER COMMUNICATIONS | $399.35 |

**Treatment of a claim as allowed in this Confirmation Order does not bar a later objection to the claim being filed by either the Debtor or Trustee.**

12 (a). The treatment of student loans is as follows:

Student Loans

| Claim No. | Creditor | Claim Amount |
|---|---|---|

NONE

**The debtor acknowledges that student loan obligations may be non-dischargeable and that any student loan obligation not paid through the Plan may be due and owing at the end of the case. The debtor acknowledges that the student loan creditor(s) will apply payments during the pendency of the plan first to interest and then to principal and that interest will continue to accrue throughout the case.**

/s/ Ryan W. Johnson

Ryan W. Johnson
Chapter 13 Trustee
1049 Market Street
Wheeling, WV  26003
(304)744-6730